In the Matter of the Claim of Ruth W. Williamson, for Herself and James P. Williamson and Another, Infants, Respondent, against W. J. Sommers Co. et al., Appellants. Workmen's Compensation Board, Respondent.— Employer and his insurance carrier have appealed from a decision of the Workmen's Compensation Board awarding death benefits to the widow and minor children of a deceased employee. Employer maintains an office in Buffalo, New York, as a manufacturer's representative. The decedent was a sales engineer traveling through western New York selling steam specialties and estimating and preparing bids and specifications therefor. He resided at Lockport, about twenty-five miles from Buffalo. He had no regular hours of employment. He did not report to the Buffalo office in the morning, nor was he required to return there from business trips. He went directly from his home to his work in the various communities of his area. He frequently worked outside or at home during the evenings. In the first year of his employment he traveled by bus but thereafter the employer provided him with an automobile, which decedent kept at his home in Lockport. The car was maintained by employer except that, when decedent used it for personal purposes or in going to and from the Buffalo office, he charged himself with the gas and oil on a mileage basis. The employer stated he furnished the car in order that decedent might work more efficiently and obtain more business. On December 26, 1951, decedent was in the Buffalo office at employer's request. About 4:00 P.M. they left the office to call on a customer concerning a contract on which decedent was figuring, returning to the vicinity of the office about 6:00 P.M., where employer entered his own car and decedent proceeded on toward Lockport. On the road his car was in collision with another. He received injuries resulting in his death two weeks later. At the time of the accident he had with him papers relating to the matter on which he had worked during the afternoon, as well as other documents relating to employer's business. While it might be assumed that decedent was on the way to his home, there was no direct evidence to that effect and there was evidence that on occasion he would not return home from his business activities until late evening. Substantial evidence supports the board's finding that deceased was an outside worker and there is no showing that his activities on that day or otherwise would operate to remove him from that category. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.